**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-1899**

———————

SHAHAZAD KHAN,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

———————

On Petition for Review of an Order of the Board of Immigration
Appeals. (A72-418-724)

———————

Submitted: March 14, 2005          Decided: April 5, 2005

———————

Before GREGORY and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Petition denied by unpublished per curiam opinion.

———————

Stanton Braverman, BRAVERMAN & LIN, P.C., Arlington, Virginia, for
Petitioner.  Peter D. Keisler, Assistant Attorney General, M.
Jocelyn Lopez Wright, Assistant Director, Eric W. Marsteller,
Office of Immigration Litigation, UNITED STATES DEPARTMENT OF
JUSTICE, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Shahazad Khan, a native and citizen of Pakistan, petitions for review of an order of the Board of Immigration Appeals (Board) adopting and affirming the immigration judge's (IJ) finding that Khan is removable for committing fraud or misrepresenting a material fact when he applied for asylum.

The Government has the burden of establishing by clear and convincing evidence that an alien who has been admitted to the United States is removable. 8 U.S.C. § 1229a(c)(3)(a) (2000). No decision on removability is valid unless it is based upon reasonable, substantial, and probative evidence. Id. Our review of a final order of removal is limited, however. See 8 U.S.C. § 1252(b) (2000). The IJ's underlying factual findings are conclusive "unless any reasonable adjudicator would be compelled to conclude to the contrary," while the Board's decision that an alien is not eligible for admission is conclusive unless manifestly contrary to law. § 1252(b)(4)(B), (C).

We have carefully reviewed the record and conclude it does not compel a finding that the warrant Khan submitted in support of his asylum application is authentic or that his testimony before the IJ was credible. Khan has therefore failed to establish that the Board's decision was manifestly contrary to law.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions

- 2 -

are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>